IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIC INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARKALOTE and THE OPERATOR OF CARKALOTE, <br><br> Defendants. | Case No. 23-cv-05923 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff NIC Industries, Inc. ("NIC" or "Plaintiff") hereby brings the present action against CARKALOTE and the operator of CARKALOTE (collectively "Defendants") and alleges as follows:

**I. INTRODUCTION**

1. This action has been filed by NIC to address Defendants' selling and offering for sale of ceramic paint sealant products that bear a trademark that infringes upon NIC's statutory and common law rights in the CERAKOTE trademark and uses a confusingly similar version of NIC's CERAKOTE product packaging trade dress (the "Infringing Products") through Defendants' e-commerce store operating on Amazon.com, Inc. ("Amazon"). NIC seeks to address Defendants' infringement of its trademark and trade dress rights, as well as to protect unknowing consumers from purchasing low-quality Infringing Products over the Internet from China. NIC has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark and trade dress rights as a result of Defendants' actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendants because Defendants directly target business activities toward consumers in Illinois and cause harm to NIC's business within this Judicial District. Defendants have targeted sales from Illinois residents by operating a fully interactive e-commerce store on the Amazon online marketplace that offers to sell and has sold Infringing Products to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused NIC substantial injury in the State of Illinois.

## III. THE PARTIES

**Plaintiff NIC**

4. NIC is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 7050 Sixth Street, White City, Oregon 95703.

5. NIC is a chemical and coatings manufacturer that produces industry-leading coating products that are distributed and sold in nearly 90 countries around the world. Such products include custom powder coat colors for automobiles, thin-film ceramic polymer protective coatings, and ceramic coatings that restore and protect a vehicle's trim and headlights. Driven by NIC's arduous quality standards and innovative engineering, NIC's products have become

enormously popular within a plethora of industries, including the automotive, firearms, high-end technology, and eye-wear industries. In the United States and around the world, the NIC brand has come to symbolize high quality, and NIC's products are among the most recognizable of their kind.

6. Under the CERAKOTE® brand, NIC is a global leader in the manufacturing of thin-film protective ceramic coatings (the "CERAKOTE Products"). CERAKOTE Products are used by major performance brands and have a wide range of applications. These applications range from wearables like sunglasses and watches, to automotive, outdoor and sports equipment, and aerospace.

7. NIC incorporates a variety of distinctive marks in the advertisement and design of its various products, including its CERAKOTE trademark (the "CERAKOTE Trademark"). NIC typically includes its CERAKOTE Trademark on the CERAKOTE Products and uses the CERAKOTE Trademark in connection with the marketing of the CERAKOTE Products. As a result of its long-standing use, NIC owns common law trademark rights in its CERAKOTE Trademark. NIC has also registered its CERAKOTE Trademark with the United States Patent and Trademark Office under U.S. Registration No. 4,068,382.

8. U.S. Registration No. 4,068,382 for the CERAKOTE Trademark is valid, subsisting, in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065. Incontestable status under 15 U.S.C. § 1065 provides that the registration for the CERAKOTE Trademark is conclusive evidence of the validity of NIC's CERAKOTE Trademark and of the registration of the CERAKOTE Trademark, of NIC's ownership of the CERAKOTE Trademark, and of NIC's exclusive right to use the CERAKOTE Trademark in commerce. 15 U.S.C. §§ 1115(b), 1065. The CERAKOTE Trademark has been used exclusively and continuously by NIC for many years

and has never been abandoned. Attached hereto as **Exhibit 1** is a true and correct copy of the United States Registration Certificate No. 4,068,382 for the CERAKOTE Trademark.

9. The CERAKOTE Trademark is exclusive to NIC and is displayed extensively on CERAKOTE Products and in NIC's marketing and promotional materials. CERAKOTE Products have long been among the most popular of their kind in the world and have been extensively promoted and advertised at great expense. CERAKOTE Products have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative engineering. Because of these and other factors, the CERAKOTE brand and CERAKOTE Trademark have become famous throughout the United States.

10. The CERAKOTE Trademark is distinctive when applied to CERAKOTE Products, signifying to the purchaser that the products come from NIC and are manufactured to NIC's quality standards. NIC manufactures its products itself and ensures that products bearing its trademarks are manufactured to the highest quality standards. The CERAKOTE Trademark has achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the mark. As such, the goodwill associated with the CERAKOTE Trademark is of incalculable and inestimable value to NIC.

11. CERAKOTE Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, and through the official cerakote.com and cerakoteceramics.com websites. Sales of CERAKOTE Products via the cerakote.com and cerakoteceramics.com websites represent a significant portion of NIC's business. The cerakote.com and cerakoteceramics.com websites feature proprietary content, images, and designs exclusive to NIC.

12. NIC's innovative marketing and product designs have made NIC a global leader in the manufacturing of protective ceramic coatings and have made the CERAKOTE Trademark a

well-known mark. The widespread fame, outstanding reputation, and significant goodwill associated with NIC's CERAKOTE brand has made the CERAKOTE Trademark a valuable asset.

13. NIC also uses a distinctive black-orange-white color scheme on its product packaging for the CERAKOTE Products, with CERAKOTE displayed in bold white type underlined in orange near the top of the packaging with white type underneath, and the product type displayed in bold black type against an orange diagonal design element across the middle of the packaging with a thinner white diagonal design element underneath, and a dark sports car pictured in the lower portion of the packaging (the "CERAKOTE Trade Dress"). The CERAKOTE Trade Dress is inherently distinctive and/or has acquired distinctiveness and serves to identify NIC as the source of CERAKOTE Products. Examples of NIC's CERAKOTE Trade Dress are shown below.

| **CERAKOTE Trade Dress** |
|---|
|  |

14. NIC has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the CERAKOTE Trademark and the CERAKOTE Trade Dress. As a result, products bearing the CERAKOTE Trademark and the CERAKOTE Trade Dress are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from NIC. NIC is a multi-million-dollar operation, and CERAKOTE Products have become among the most popular of their kind in the world.

**The Defendants**

15. Defendants are individuals or business entities that, on information and belief, reside in China.

6

16. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of their fully interactive e-commerce store operating under the seller alias CARKALOTE on Amazon.

17. Defendants target the United States, including Illinois residents, and have offered to sell, and have sold and shipped, Infringing Products to consumers within the State of Illinois through their e-commerce store.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

18. Defendants operate a fully interactive e-commerce store on the Amazon online marketplace under the seller alias "CARKALOTE" ("Defendants' E-Commerce Store").

19. Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale ceramic coating products on Defendants' E-Commerce Store bearing an infringing version of the CERAKOTE Trademark and using a confusingly similar version of the CERAKOTE Trade Dress (previously defined as the "Infringing Products").

20. Figure 1 below is a screenshot from Defendants' E-Commerce Store as of August 1, 2023, showing the Infringing Products offered for sale.



*Figure 1*

21. NIC's investigator visited Defendants' E-Commerce Store and purchased the Infringing Products.

22. The purchased Infringing Products were shipped to the State of Illinois.

23. As shown below, Defendants' Infringing Products bear a "CARKALOTE" mark which is confusingly similar to the CERAKOTE Trademark. Specifically, the "CARKALOTE" mark is confusingly similar to the CERAKOTE Trademark because it begins with the letter "C", has the same number of syllables, has the letters "R", "A" and "K" in the middle, and ends in "-OTE."

| CERAKOTE Trademark | Defendants' Infringing Products |
|---|---|
| CERAKOTE (Reg. No. 4,068,382) |  |

24. Further, a comparison of the Infringing Products and the CERAKOTE Products shows that Defendants have copied the CERAKOTE Trade Dress.

| CERAKOTE Trade Dress | Defendants' Infringing Products |
|---|---|
|  | |

25. Defendants copy NIC's CERAKOTE Trade Dress by using the same distinctive black-orange-white color scheme on the Infringing Products, with CARKALOTE displayed in bold white type underlined in orange near the top of the packaging with white type underneath, and the product type displayed in bold black type against an orange diagonal design element across the middle of the packaging with a thinner white diagonal design element underneath, and a dark sports car pictured in the lower portion of the packaging.

26. Defendants' Infringing Products even copy the left-justified orange type at the bottom of NIC's CERAKOTE product packaging with three lines of white type bullet points underneath.

27. Defendants present their Infringing Products to consumers in the same way as NIC by advertising the Infringing Products with a folded gray towel placed next to the Infringing Products in the same manner that NIC advertises its CERAKOTE Products.

10

28. Defendants' conduct has resulted in actual consumer confusion as evidenced by reviews of the Infringing Products by Amazon consumers. Figures 2 and 3 show screenshots of example reviews made on the listing for the Infringing Products.



Figure 2



Figure 3

29. On information and belief, Defendants are well aware of the extraordinary fame and strength of the CERAKOTE Trademark and CERAKOTE Trade Dress and the goodwill associated therewith.

30. Defendants, without any authorization, license, or other permission from NIC, have used a confusingly similar mark and trade dress in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

31. Defendants' exploitation and infringement of the CERAKOTE Trademark and CERAKOTE Trade Dress in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

32. Defendants' willful use of infringing and/or confusingly similar marks to the CERAKOTE Trademark and CERAKOTE Trade Dress in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming NIC.

## COUNT I
## TRADEMARK INFRINGEMENT OF THE CERAKOTE TRADEMARK

33. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34. NIC owns the exclusive rights to the CERAKOTE Trademark. NIC's use of the CERAKOTE Trademark in the United States predates that of Defendants' use of the "CARKALOTE" mark.

35. This is a trademark infringement action against the Defendants based on their unauthorized use in commerce of products that use confusingly similar marks to the CERAKOTE Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The CERAKOTE Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from CERAKOTE Products sold or marketed under the CERAKOTE Trademark.

36. Notwithstanding NIC's well-known and prior common law and statutory rights in the CERAKOTE Trademark, Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing infringements of the CERAKOTE Trademark without NIC's permission.

37. NIC is the exclusive owner of the CERAKOTE Trademark. NIC's United States Registration for the CERAKOTE Trademark (**Exhibit 1**) is in full force and effect. On

information and belief, Defendants have knowledge of NIC's statutory and common law rights in the CERAKOTE Trademark and are willfully infringing the CERAKOTE Trademark. Defendants' willful and intentional infringement of the CERAKOTE Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the public.

38. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. NIC has no adequate remedy at law, and if Defendants' actions are not enjoined, NIC will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CERAKOTE Trademark.

40. The injuries and damages sustained by NIC have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## INFRINGEMENT OF THE CERAKOTE TRADE DRESS

41. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42. NIC uses the CERAKOTE Trade Dress in connection with the CERAKOTE Products. The CERAKOTE Trade Dress is inherently distinctive and/or has acquired distinctiveness. Consumers have come to associate the distinctive CERAKOTE Trade Dress with NIC's CERAKOTE Products.

43. Notwithstanding NIC's well-known and prior common law rights in the CERAKOTE Trade Dress, Defendants have sold, offered to sell, marketed, distributed, and

13

advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using a confusingly similar version of the CERAKOTE Trade Dress without NIC's permission.

44. On information and belief, Defendants have knowledge of NIC's common law rights in the CERAKOTE Trade Dress and are willfully infringing the CERAKOTE Trade Dress. Defendants' willful and intentional infringement of the CERAKOTE Trade Dress is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the public.

45. Defendants' activities constitute infringement of NIC's rights in the CERAKOTE Trade Dress under 15 U.S.C. § 1125(a).

46. NIC has no adequate remedy at law, and if Defendants' actions are not enjoined, NIC will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CERAKOTE Trade Dress.

47. The injuries and damages sustained by NIC have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT III
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

48. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

49. Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with NIC or the origin, sponsorship, or approval of Defendants' Infringing Products by NIC.

50. By using a confusingly similar mark to the CERAKOTE Trademark on the Infringing Products and copying the CERAKOTE Trade Dress, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

51. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the public involves the use of deceptive and infringing marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

52. NIC has no adequate remedy at law and, if Defendants' actions are not enjoined, NIC will continue to suffer irreparable harm to its reputation and the goodwill of its CERAKOTE brand.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

53. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54. Defendants are engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of NIC, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine CERAKOTE Products, representing that their products have NIC's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

55. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

56. NIC has no adequate remedy at law, and Defendants' conduct is causing NIC to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, NIC will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, NIC prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the CERAKOTE Trademark or any confusingly similar mark, including, but not limited to, CARKALOTE, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CERAKOTE Product or is not authorized by NIC to be sold in connection with the CERAKOTE Trademark;

    b. copying the CERAKOTE Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CERAKOTE Product;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine CERAKOTE Product or any other product produced by NIC, that is not NIC's or not produced under the authorization, control or supervision of NIC and approved by NIC for sale under the CERAKOTE Trademark and CERAKOTE Trade Dress;

    d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of NIC, or are sponsored by, approved by, or otherwise connected with NIC;

e. further infringing the CERAKOTE Trademark and CERAKOTE Trade Dress and damaging NIC's goodwill;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for NIC, nor authorized by NIC to be sold or offered for sale, and which infringe upon any of NIC's trademarks or trade dress, including the CERAKOTE Trademark and CERAKOTE Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof;

g. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the CERAKOTE Trademark and CERAKOTE Trade Dress; and

h. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g), above;

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon NIC a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraph 1, (a) through (h), above;

3) That Defendants account for and pay to NIC all damages and profits (including as provided by 15 U.S.C. § 1117 and by common law) realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the CERAKOTE Trademark and CERAKOTE Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That NIC be awarded its reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

  Pursuant to Fed. R. Civ. P. 38, NIC hereby demands a trial by jury as to all issues so triable.

Dated this 23rd day of August 2023.    Respectfully submitted,

                /s/ Justin R. Gaudio
                Amy C. Ziegler
                Justin R. Gaudio
                Allyson M. Martin
                Justin T. Joseph
                Greer, Burns & Crain, Ltd.
                300 South Wacker Drive, Suite 2500
                Chicago, Illinois 60606
                312.360.0080
                312.360.9315 (facsimile)
                aziegler@gbc.law
                jgaudio@gbc.law
                amartin@gbc.law
                jjoseph@gbc.law

                *Counsel for Plaintiff NIC Industries, Inc.*